1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WARREN TERZIAN LLP**
Dan Terzian (SBN 283835)
*dan.terzian@warrenterzian.com*
222 N. Pacific Coast Highway, Suite 2000
Los Angeles, CA 90245
T: (213) 410-2620

*Counsel for Defendants*
*Andrew Kim and HBSM Care Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ikuo Ogihara, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Kim aka Young Moo Kim, an individual, HBSM Care Inc. fka Sports Med Care Inc., a California Corporation, and Does 1-20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-07882<br><br>**Defendants Andrew Kim and HBSCM Care Inc.'s Notice of Removal of Action to Federal Court pursuant to 28 U.S.C. § 1441** |

DEFENDANTS' NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO EACH PARTY AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants Andrew Kim and HBSM Care Inc. removed this action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California, Western Division.

This Notice of Removal of Action to Federal Court Pursuant to 28 U.S.C. § 1441 ("Notice") is based upon the following:

**JURISDICTION**

1.     This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441(b) (diversity).

2.     Complete diversity of citizenship exists.

3.     Plaintiff Ikuo Ogihara is domiciled in Japan.

4.     Defendant Andrew Kim is domiciled in California.

5.     Defendant HBSM Care Inc. is a California corporation with its principal place of business in California.

6.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Mr. Ogihara filed the action on September 9, 2024.

8.     The action was processed, endorsed, acknowledged, and officially filed by the state court on September 9, 2024. The state court entered the complaint on September 9, issued a signed summons on September 9, and issued an ADR packet on September 9.

9.     To date, Mr. Kim has not been served. To HBSM's knowledge, it also has not been served. *Zalvin v. Carrel*, No. 8:24-cv-00482-FWS-JDE, 2024 WL 1121790, at *3–5 (C.D. Cal. Mar. 14, 2024) (holding that a forum defendant's "removal was proper" when the defendant "removed prior to being served").

## SUPERIOR COURT AND TIMELINESS OF REMOVAL

10.    On September 9, 2024, Mr. Ogihara filed the complaint in the Superior Court of California, County of Los Angeles, entitled *Ogihara v. Kim*, Case No. 24NNCV04104 ("State Court Action").

11.    In its complaint, Mr. Ogihara seeks over $600,000 from both defendants—plus legal fees. Exhibit A, Complaint at ¶¶ 1, 18, 24–25, 30–31, 37, 41, 43 47, 49, 53, 56.

12.    The named defendants in the State Court Action are Mr. Kim and HBSM.

13.    This Notice is timely because the complaint was filed on September 9, 2024, and the defendants are removing it within 30 days of that filing. (And in any event, timeliness runs from the date of service, and the defendants have not been served.)

## VENUE

14.    The proper forum for removal is the United States District Court for the Central District of California, Western Division because the State Court Action was filed in the Superior Court of California in and for the County of Los Angeles. 28 U.S.C. §§ 84(c) and 1441(a).

## BASIS FOR REMOVAL OF CASE

15.    This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441(b) (diversity).

16.    Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.    Mr. Ogihara is a citizen of Japan; Mr. Kim is a citizen of California; and HBSM is incorporated in and has its principal place of business in California.

18.    To date, Mr. Kim has not been served. To HBSM's knowledge, it also has not been served. *Zalvin*, 2024 WL 1121790, at *3–5 (holding that a forum

defendant's "removal was proper" when the defendant "removed prior to being served").

19.    Mr. Ogihara has not served a copy of the complaint or any other document.[1] Undersigned obtained a copy of the complaint off Westlaw on September 13, and that complaint is attached as Exhibit A.

## NOTICE TO STATE COURT AND TO PLAINTIFF

20.    After filing this Notice in the United States District Court, undersigned will give written notice of this filing to Plaintiff's counsel of record, and a copy of the Notice will be filed with Superior Court of California, County of Los Angeles.

Dated: September 13, 2024

**WARREN TERZIAN LLP**

Dan Terzian

*Counsel for Defendants*
*Andrew Kim and HBSM Care Inc.*

---

[1] On September 9, Mr. Ogihara's counsel emailed undersigned a copy of the summons for and the docket of the State Court Action. His email did not attach the complaint. Before that, undersigned had advised that he did "not have authority to accept service of any summons and complaint …." In any event, email is never valid service of a summons and complaint. *See Abers v. Rohrs*, 217 Cal. App. 4th 1199, 1205–1208 (2013) (holding that overnight mail was not valid service).

DEFENDANTS' NOTICE OF REMOVAL