UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:24-cv-07882-HDV-(RAOx) | Date November 25, 2024 |
| Title *Ikuo Ogihara v. Andrew Kim et al.* | |

Present: The Honorable  Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS—ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR FEES [11]

Before the Court is Plaintiff's (unopposed) Motion to Remand ("Motion") [Dkt. No. 11]. Plaintiff's Motion is granted. But because there was an objectively reasonable basis for removal, Plaintiff's attendant request for attorney's fees is denied.

## I. BACKGROUND

Plaintiff filed this action in state court on September 9, 2024. Notice of Removal, Ex. A ("Complaint") [Dkt. No. 1-1]. The Complaint alleges that Plaintiff Ikuo Ogihara lent Defendant HBSM Care Inc. (formerly "Sports Med Care Inc.") $500,000 in the form of a revolving line of credit agreement ("RLCA") and a promissory note ("Note"). Complaint ¶ 2. Defendant Andrew Kim—owner of HBSM—entered into a guaranty agreement with Plaintiff ("Guaranty"), personally guaranteeing repayment of the underlying loan. *Id.* Plaintiff alleges Defendants are in breach of contract because of their failure to make payment towards the repayment of the loan. *Id.* ¶ 3.

Defendants removed the action on September 13, 2024—before defendant had been served—based on diversity jurisdiction. Notice of Removal at 2. On October 2, 2024, Defendants informed Plaintiff that they would not be contesting remand. Declaration of Michael A. Fuoroli in Support of Plaintiff's Motion ("Fuoroli") ¶ 12. Plaintiff responded that it would nonetheless seek attorney's fees because of the removal. *Id.* Plaintiff filed the instant Motion on October 7, 2024 [Dkt. No. 11], and the Court took it under submission [Dkt. No. 15].

## II.  LEGAL STANDARD

An order for remand can serve as the basis of an order of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Absent unusual circumstances, however, fees and costs are awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *City of Stanton v. Green Tree Remedy*, No. SA-CV-151733-AGJ-CGX, 2016 WL 316776, at *2 (C.D. Cal. Jan. 26, 2016) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005)). This standard "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. at 140.

## III.  DISCUSSION

Remand is not contested. Declaration of Rachael M. Fagenson in Support of Defendants' Response in Opposition to Plaintiff's Motion at 2 [Dkt. No. 13] ("[O]n October 2, 2024, [defense counsel] responded to Mr. Fuoroli's email confirming that Defendants had promptly agreed to the remand and there was therefore no need for Plaintiff to prepare or file a motion to remand."). The only remaining issue is whether Plaintiff is entitled to attorney's fees related to the filing of this Motion. Motion at 5–6 (Defendants "agreed that remand was proper" but indicated they are "not agreeable to payment of any attorneys' fees").

Plaintiff argues that there was no objectively reasonable basis for removal because the Guaranty contained a forum selection clause limiting the proper forum to state courts in California. Motion at 10. And since the RLCA, Note, and Gauranty "must be read as one contemporaneous agreement, the express forum selection language within the Guaranty must apply to all related agreements." *Id.* at 7. In response, Defendants contend that since "the gravamen of Plaintiff's Complaint involves the underlying documents"—*i.e.*, the RLCA and Note, which

do *not* contain the forum selection language—Defendants had an objectively reasonable basis for removal.  Defendant's Response in Opposition to Plaintiff's Motion ("Opposition").

  The Court concludes that Defendants' position (while a weak one) was at least plausible given the absence of any forum selection language in the other key documents.  The Court also notes the speed in which Defendants met and conferred after service and their prompt acquiescence to the remand.  For those reasons, Plaintiffs' request for attorney's fees is denied.

  Plaintiffs' Motion to Remand is otherwise granted.

**IT IS SO ORDERED.**